Elmer A. TUTT et al., Plaintiffs-
Appellants,

v.

GRAND LODGE, BROTHERHOOD OF
LOCOMOTIVE FIREMEN AND EN-
GINEMEN et al., Defendants-Appellees.

No. 12639.

United States Court of Appeals
Seventh Circuit.

Nov. 23, 1959.

Solomon Sachs, Chicago, Ill., for appellant.

S. J. Crumpacker, South Bend, Ind., Harold C. Heiss, Harold N. McLaughlin, Cleveland, Ohio, George N. Beamer, South Bend, Ind., Russell Day, Clarence E. Weisell, Cleveland, Ohio, of counsel, for appellees.

Before SCHNACKENBERG, KNOCH and CASTLE, Circuit Judges.

KNOCH, Circuit Judge.

Plaintiffs, Elmer A. Tutt, Harold R. Crussemeyer, Carl H. Johnson, Leland B. Gibson, Albert F. Marcus, and Dan L. Culvyhouse, members of the two defendant Brotherhoods, filed their complaint April 21, 1958, in the Elkhart Superior Court, Elkhart, Indiana, against the defendants, Grand Lodge, Brotherhood of Locomotive Firemen and Enginemen, and H. E. Gilbert, S. C. Phillips and Ray Scott, members and respectively, International President, Assistant President and the General Secretary and Treasurer of Grand Lodge, Brotherhood of Locomotive Firemen and Enginemen; Robert E. Brown, member and officer, to-wit, General Chairman of the General Grievance Committee, Brotherhood of Locomotive Firemen and Enginemen, on the New York Central (Lines West) and representative of said Brotherhood of Locomotive Firemen and Enginemen; and Grand International Brotherhood of Locomotive Engineers, and Guy L. Brown, R. E. Davidson, and H. F. Hempy, members and respectively Grand Chief Engineer, First Assistant Grand Chief Engineer and General Secretary-Treasurer of said Grand International Brotherhood of Locomotive Engineers; and P. J. Ryan, a member and representative of the Brotherhood of Locomotive Engineers, and the General Chairman of the General Committee of Adjustment on the New York Central (Lines West) of the said Brotherhood of Locomotive Engineers; for themselves and other locomotive engineers and firemen employees of the New York Central Railroad on the division of its territory known as Lines West or Western District.

A detailed description of the seniority districts and the situation out of which this and appeal No. 12623, Peterson v. Brotherhood of Locomotive Firemen and Enginemen, 7 Cir., 272 F.2d 115, arose, may be found in our opinion in the latter case. In each case, employee members seek to restrain officers of the two Brotherhoods from carrying into effect their decision of April 11, 1958, to share the total jobs remaining on both the Main Line and the leased Michigan Central Lines, thus affecting the seniority rights of plaintiffs. A temporary restraining order was issued by the Elkhart Superior Court. Both cases were removed to the federal district court and there were considered together.

Motion to remand was denied July 18, 1958. Plaintiffs' petition for writ of mandamus directing the District Court to remand was denied by this Court January 7, 1959. The District Court subsequently denied both temporary and permanent injunctions sought by plaintiffs and this appeal followed.

Plaintiffs contend, that, regardless of what rights they might have asserted under the Railway Labor Act, 45 U.S.C. A. § 151 et seq., they are here filing a common law action relying for relief on the laws of the State of Indiana, founded on alleged violations of the internal laws of the two Brotherhoods. They argue that in denying motion for remand, the District Court improperly looked beyond the four corners of their Complaint to the Petition for Removal and erroneously concluded that the charge in the Complaint of arbitrary and unlawful representation of the plaintiffs by the defendants presented a case in controversy arising under the Railway Labor Act.

Defendants assert that plaintiffs have failed to set out a claim on which relief may be granted in an Indiana State Court. That question is not properly before us.

This precise issue was also raised in the companion case No. 12623. For the reasons set out therein, the orders of the District Court are reversed and the cause is remanded with directions to grant plaintiffs' motion for remand.

Reversed and remanded with directions.